DOEHLER DIE-CASTING COMPANY *vs.* BANKERS SECURITY CORPORATION.

Suffolk.    November 12, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Agency,* Scope of employment. *Corporation,* Officers and agents. *Evidence,* Competency.

At the hearing by a judge without a jury of an action against a corporation upon a guaranty in writing of payment for goods to be furnished by the plaintiff to a certain corporation, it appeared that one of the charter powers of the defendant was to "assist financially or otherwise companies"; that the defendant had agreed to assist the debtor corporation and had taken over its property in trust for that purpose; that its chief accountant had been made the debtor corporation's treasurer and put in control of its stock; that in October, 1922, the guaranty had been executed in the defendant's name by its "chief accountant and director," who was a salaried officer and also a member of the defendant's executive committee of five, and the only one of its directors or executive committee regularly in attendance at its office; that in that month there had been correspondence between the plaintiff and the defendant's chief accountant and director relating to the guaranty and to a payment of cash by the defendant; that the letters from the plaintiff were directed to the defendant at its business office, and in one of them the form of guaranty had been sent by the plaintiff to the defendant; that the letters from the defendant were on its business stationery and were signed in its corporate name by the chief accountant, and in one was a statement that the guaranty had been executed in accordance with the plaintiff's desires, while others enclosed checks of the defendant signed by its treasurer and countersigned by the chief accountant. There was evidence that this correspondence was shown to the other members of the defendant's executive committee, but the judge found that three of the five members did not know of the existence of the guaranty until May, 1923. *Held,* that

(1) The judge properly admitted the correspondence of October, 1922, in evidence;

(2) A finding was warranted that the "chief accountant and director" had authority and was acting within the scope of that authority in executing and delivering the guaranty for the defendant.

CONTRACT for $2,169.61, upon a guaranty in writing by the defendant, a Massachusetts corporation, to the plaintiff of payment for goods to be furnished by the plaintiff to

American Pictograph Company in an amount not exceeding $4,200.    Writ dated November 14, 1923.

In the Superior Court, the action was heard by *McLaughlin*, J., without a jury.    Material evidence and findings and rulings by the trial judge are described in the opinion.    There was a finding for the plaintiff in the sum of $2,397.41.    The defendant alleged exceptions.

*W. Hartstone*, for the defendant, submitted a brief.

*E. A. Whitman*, for the plaintiff.

SANDERSON, J.    The plaintiff is seeking to recover on a guaranty dated October 9, 1922, executed in the name of the defendant "By H. A. Rambonnet, Chief Accountant and Director."    The trial judge found for the plaintiff.    The defendant saved exceptions to the admission of evidence and to the refusal of the trial judge to give requested rulings, but the important question to decide is, whether, upon evidence properly admitted, it could have been found that Rambonnet had authority to execute the guaranty.

The defendant, by its charter, was empowered "to form, conduct, promote, manage and assist financially or otherwise companies, syndicates, partnerships and associations of all kinds, and to give any guarantee in connection therewith or otherwise for the payment or for the performance of any obligation or undertaking."    Its executive committee, which consisted of five members, was entrusted with full charge of the defendant's business, and voted in September, 1922, to extend a line of credit not exceeding $20,000 to the American Pictograph Company on the execution of an agreement of trust giving the defendant control of all its assets and property, and providing that Rambonnet should be treasurer of the American Pictograph Company with voting power of the control of the stock of that company.    On October 1, 1922, the American Pictograph Company, as a means of securing the defendant for the credit to be extended, conveyed its property of every description, and all property to be acquired during the life of the agreement, to the defendant upon certain trusts.    It was provided in the trust deed that the defendant would permit the American Pictograph Company to retain possession of the assets subject to the satisfactory

operation and management of its business, and that the defendant should receive twenty-five per cent of the net profit of the business in addition to its regular charges. Rambonnet was a salaried official of the defendant and the only one of its directors or executive committee regularly in attendance at the company's office. He kept the books, attended to the correspondence and acted as general accountant. The trial judge found that he submitted to the executive committee, which met somewhat infrequently, the correspondence with the plaintiff, but that three members of that committee did not know of the existence of the guaranty until May, 1923.

One of the defendant's exceptions relates to the admission in evidence of this correspondence. The letters from the plaintiff, dated respectively October 6 and 11, 1922, were addressed to the defendant at its business office. The replies were on the defendant's business stationery and were signed with the corporate name by H. A. Rambonnet. Before the letters were admitted, Rambonnet testified that they were submitted by him to the executive committee. It was for the trial judge to decide whether he would believe this testimony in view of all the witness said on the subject, and the exception to their admission must be overruled. These letters disclosed that the plaintiff expected the defendant to guarantee payment of present and future orders of the American Pictograph Company, and requested the execution by the defendant of a form of guaranty enclosed in the first letter; and that, under date of October 9, Rambonnet, in behalf of the company, stated that the guaranty had been executed in accordance with the plaintiff's desire. Then followed a request to the defendant for payment in advance of one half the price of the goods ordered by the American Pictograph Company, amounting to $1,353, in compliance with which a check for that amount signed by defendant's treasurer, one Butler, and countersigned by Rambonnet, was sent to the plaintiff. Three other checks were given by the defendant to the plaintiff to reduce the indebtedness of the American Pictograph Company. Upon the evidence the trial judge was justified in finding that giving

the guaranty was incidental to the plan of the defendant to finance the American Pictograph Company; that the entire matter of extending credit and the methods and means to be adopted in carrying it out were left to Rambonnet; and that he was acting within the scope of his authority in executing the guaranty.

All exceptions argued have been considered and there is no reversible error.

*Exceptions overruled.*